UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

DARRYL A. GILMORE, SR., and
STEPHANIE GILMORE,

                                          Plaintiffs,

       v.                                                                 1:20-CV-979
                                                                          (LEK/ATB)

UNCOMMON SCHOOL TROY PREP,
et al.,

                                          Defendants.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

DARRYL A. GILMORE, SR., Plaintiff pro se
STEPHANIE GILMORE, Plaintiff, pro se

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court a complaint, filed on a form for civil rights actions pursuant to 42 U.S.C. § 1983, together with applications to proceed in forma pauperis ("IFP"), filed by pro se plaintiffs Darryl A. Gilmore, Sr. and his wife Stephanie Gilmore. (Dkt. Nos. 1, 2, 5).[1]

**I.    IFP Application**

Plaintiffs state that they are married, and that Stephanie Gilmore provides 100% support for the entire family. (Dkt. Nos. 2, 5). A review of the IFP applications shows that the plaintiffs are not able to afford to pay the filing fee. Thus, the court will assume for purposes of this Order and Report-Recommendation that, together, and separately,

---

[1] Plaintiffs initially filed only one application to proceed IFP, signed only by Stephanie Gilmore. However, each pro se plaintiff must sign all documents filed with the court, and on September 16, 2020, I issued a Text Order, directing plaintiff Darryl Gilmore, Sr. to submit his own signed application for IFP, even if he is completely supported by his wife Stephanie. (Dkt. No. 4). On September 22, 2020, plaintiff Darryl A. Gilmore, Sr. complied with my order and filed the properly signed application. (Dkt. No. 5). Thus, the court may proceed with the initial review of the plaintiffs' complaint.

plaintiffs meet the financial criteria for IFP.

In addition to determining whether plaintiffs meet the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint sua sponte even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action,

2

supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555).

In addition, Fed. R. Civ. P. 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While Rule 8(a)(2) "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 556 U.S. at 678 (citation and internal quotation marks omitted). A complaint which makes "'naked assertion[s]' devoid of 'further factual enhancement'" does not suffice. *Id*. (citation omitted). This court will now turn to a consideration of the plaintiffs' complaint under the above standards.

## II.     Complaint

As defendants, plaintiffs have named the Uncommon School Troy Prep (USTP"), USTP "Associate Chief Operating Officer" Johanna Martin; and USTP Principal Maise Wright. (Complaint ("Compl." ¶ 3(a)-3(c)). Plaintiffs allege that defendant Martin published slanderous and libelous statements, "causing **plaintiff** to be banned from school grounds." (Compl. ¶ 4) (emphasis added). Plaintiffs also claim that defendant Wright made defamatory statements, "causing law enforcement to be summoned." (*Id.*) Plaintiffs state that defendant Martin's slanderous and libelous statements caused "**plaintiff**" harm, pain, and suffering. (Compl. ¶ 5) (First Cause of Action) (emphasis added). Plaintiffs' second cause of action states that, as a result of the defendants' actions "**plaintiff**" was "unable to attend children [sic] school events." (Compl. ¶ 5) (Second Cause of Action) (emphasis added). Finally, plaintiffs claim that "**plaintiff**" is in "constant fear of being detained by law enforcement" due to the defendants'

3

statements. (Compl. ¶ 5) (Third Cause of Action) (emphasis added). Plaintiffs seek an official letter of apology, retraction of the slanderous statements, and punitive damages. (Compl. ¶ 6).

## I. Section 1983

### A. Legal Standards

"'To state a claim under § 1983, a plaintiff must allege that defendants violated plaintiff's federal rights while acting under color of state law.'" *Patrick v. Success Acad. Charter Sch., Inc.*, 354 F. Supp. 3d 185, 206 (E.D.N.Y. 2018) (quoting *McGugan v. Aldana-Bernier*, 752 F.3d 224, 229 (2d Cir. 2014)).

### B. Application

Plaintiffs are suing the USTP and two of its employees as defendants. According to its website, USTP is a public charter school. https://troyprep.uncommonschools.org/about-us/. There is some debate in the case law regarding whether a charter school and its employees act under color of state law. *See Patrick*, 354 F. Supp. 3d at 209 n.24 (citing inter alia *Meadows v. Lesh*, No. 10-CV-223(M), 2011 WL 4744914, at *1-2 (W.D.N.Y. Oct. 6, 2011) (holding that, although there was case law to the contrary, charter schools act under color of state law for purposes of section 1983 in certain circumstances and denying a motion to dismiss "at this stage of the case"). Thus, for purposes of initial review, and given plaintiffs' pro se status, this court will assume, without deciding, that the state action requirement is met.

## II. Defamation and Section 1983

### A. Legal Standards

It is well settled that damage to one's reputation alone does not rise to the level of

4

a constitutional violation. *Atkins v. Utica City Sch. Dist.*, No. 6:16-CV-509 (LEK/ATB), 2016 WL 3527957, at *1–2 (N.D.N.Y. June 23, 2016) (citing *Lawson v. Broome County*, No. 14-CV-195, 2016 WL 427898, at *7 (N.D.N.Y. Feb. 3, 2016) (Kahn, J.)). Defamation only implicates a liberty interest, justifying procedural safeguards when it is combined with an "'alteration of legal status,' such as governmental deprivation of a right previously held . . . ." *Id.* (quoting *Paul v. Davis*, 424 U.S. 693, 708-09 (1976)). Referred to as a "stigma-plus" claim, this claim requires a two-part showing: "'a plaintiff must prove (1) the utterance of a statement injurious to his reputation that is capable of being proved false and that plaintiff claims is false; and (2) some tangible and material state-imposed burden in addition to the stigmatizing statement.'" *Id.* (quoting *Lawson v. Rochester City Sch. Dist.*, 446 F. App'x 327, 329 (2d Cir. 2011)).

**B.   Application**

Plaintiffs' complaint is very vague.  Plaintiffs allege that defendant Martin "published" slanderous statements, causing "plaintiff" to be banned from school grounds. (Compl. ¶ 4).  There are purportedly two plaintiffs in this action, but it appears from the language of the complaint that these "statements" were made against only one plaintiff.[2]  Plaintiffs do not specify what these statements were, how they were slanderous, how they were "published," or even when they were "published."  Plaintiffs then state that defendant Wright made defamatory statements, causing law enforcement to be summoned. (Compl. ¶ 4).  There are no facts describing this alleged incident, what the statements were, when the statements were made, or what happened when "law

---

[2] The court understands that plaintiffs are pro se, and the complaint is handwritten.  However, the "plaintiff" is referred to in the singular throughout the "Facts" and the "Causes of Action."

5

enforcement" was summoned.

Plaintiffs then state that the alleged statements caused "harm and suffering," and that "plaintiff" was unable to attend the children's school events.[3] (Compl. ¶ 5). Plaintiffs state that "plaintiff" is in constant fear of being detained by "law enforcement," but again, there is no description of any event involving law enforcement or any statement of why one or both of the plaintiffs would continue to worry that he or she would be "detained." Finally, although plaintiffs claim that the statements were "slanderous," the claims are so conclusory that they never allege that the statements were false.[4] Conclusory allegations are insufficient to state a civil rights claim. *Ashcroft v. Iqbal*, 556 U.S. at 678. *See also Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir.1987) (conclusory allegations insufficient to state a constitutional claim).

Plaintiffs have failed to state a cause of action under section 1983. Plaintiffs allege only defamation and injury as a result of that defamation. In order to state a constitutional claim, plaintiffs would have to clarify what the statements were, to whom they applied, how the statements were false and injurious to their reputation, and that they suffered an additional state-imposed burden in addition to the stigmatizing statement. As the complaint is written, the court must recommend dismissal.

### III.   Opportunity to Amend

####    A.   Legal Standards

---

[3] Plaintiffs have not alleged that they were prevented from attending any particular "event."

[4] The court assumes that plaintiffs intend to claim that the statements were false because pro se complaints must be interpreted liberally to raise the strongest claims that they suggest. *See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (pro se papers are interpreted liberally to raise the strongest arguments suggested therein).

Generally, before the court dismisses a pro se complaint or any part of the complaint sua sponte, the court should afford the plaintiff the opportunity to amend at least once, however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Futility is present when the problem with plaintiff's causes of action is substantive such that better pleading will not cure it. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

**B.    Application**

As it is written, the complaint is too vague and conclusory to survive initial review. However, because plaintiffs are pro se, they should be entitled to amend their complaint to address the deficiencies noted above. Amendment would not necessarily be futile in this case. In order to assert a "stigma-plus" claim, in addition to clarifying the allegedly defamatory statements, plaintiffs would also have to allege that they were subject to a state-imposed burden in addition to the defamation.[5]

Plaintiffs allege that at least one of them was banned from school grounds. There is case law holding that, in certain circumstances, preventing a parent from accessing school grounds can rise to the level of a constitutional violation. *See Frierson v. Reinisch*, 806 F. App'x 54, 57-58 (2d Cir. 2020) (holding in the context of qualified immunity that it was well-settled that a school may not ban a parent from access to

---

[5] If plaintiffs cannot meet the burden of establishing a constitutional claim, the court is recommending dismissal without prejudice so that plaintiffs may bring a defamation claim against the defendants in a New York State court. *See e.g. Hachmann v. County of Nassau*, 29 A.D.3d 952 (2d Dep't 2006) (parents brought defamation claim against school district and individuals for defamation relating to an allegedly false report of child abuse).

7

school grounds in retaliation for the exercise of the parent's first amendment rights); *Johnson v. Perry*, 140 F. Supp. 222, 228-29 (D. Conn. 2015), *aff'd in part, rev'd in part, appeal dismissed in part*, 859 F.3d 156 (2d Cir. 2017).[6] If the alleged defamation caused plaintiffs to be banned from school property, it is possible that this could satisfy the requirement of a state-imposed burden, depending on the reason for the ban and whether it was related to the defamation.[7] It is also unclear what statements were made, causing "law enforcement" to be "summoned" and what happened thereafter. Thus, although the court is recommending dismissal because the complaint is conclusory and for failure to state a claim as the complaint is written, the dismissal should be without prejudice to allowing the plaintiffs an opportunity to amend.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiffs' applications for IFP (Dkt. Nos. 2, 5) are

---

[6] The district court in *Johnson*, on reconsideration, sua sponte reinstated the plaintiff's due process challenge to a ban on access to school grounds, after initially dismissing the claim. *Id*. The Second Circuit specifically held that the plaintiff's due process claim was not within the scope of the appeal and, thus, did not rule on the due process issue. However, there are other jurisdictions which disagree with the district court's holding in *Perry*. *See Zeyen v. Pocatello Chubbuck Sch. Dist. #25*, No. 4:16-CV-458, 2018 WL 2224053, at *4-5 (D. Idaho May 15, 2018) (refusing to extend a parent's constitutional liberty interest 'in the care, custody, and control of his or her children to the right to access a child's classroom or other school areas) (citing cases).

[7] The plaintiffs have not alleged either a First Amendment or a Due Process violation in conjunction with the allegation that one of them was banned from school property or that there was some deprivation associated with the summoning of "law enforcement." If plaintiffs amend their complaint, any additional facts surrounding their claims will be of assistance in determining whether the complaint may proceed beyond initial review. In addition, the plaintiffs should take into account that the Second Circuit has held that, in order to state a stigma-plus claim in a due process action, the defendant must have had the legal authority to ban the plaintiff(s) from the school, as well as the power to provide process. *See Walker v. Fitzpatrick*, 814 F. App'x 620, 625 (2d Cir. 2020) (citing *Velez v. Levy*, 401 F.3d 75, 83 (2d Cir. 2005)).

**GRANTED**,[8] and it is

**RECOMMENDED**, that the complaint be **DISMISSED WITHOUT PREJUDICE TO ALLOWING PLAINTIFFS FORTY-FIVE (45) DAYS TO AMEND THEIR COMPLAINT**, and it is

**RECOMMENDED**, that if the court adopts this Recommendation, the plaintiffs also be informed that any amended pleading must be a **COMPLETE PLEADING, WHICH WILL SUPERCEDE THE ORIGINAL**, and that plaintiffs must include all their facts and causes of action in the amended complaint.  No facts or claims from the original complaint may be incorporated by reference, and it is

**RECOMMENDED**, that if the court approves this recommendation, and plaintiffs file a proposed amended complaint, the proposed amended complaint be returned to me for further proceedings, and it is further

**RECOMMENDED**, that if plaintiffs fail to amend their complaint within the time allowed and without requesting an extension of time to do so, the case be **CLOSED** without further order of the court.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing

---

[8] The court notes that, although plaintiffs' applications to proceed IFP have been granted, plaintiffs will still be required to pay fees that they may incur in the future regarding this action, including, but not limited to, copying and/or witness fees.

*Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: September 25, 2020

                                        Andrew T. Baxter
                                        U.S. Magistrate Judge