UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

DARRYL A. GILMORE, SR., and
STEPHANIE GILMORE,

                        Plaintiffs,

    v.                                                    1:20-CV-979
                                                            (LEK/ATB)

UNCOMMON SCHOOL TROY PREP,
et al.,

                        Defendants.
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

DARRYL A. GILMORE, SR., Plaintiff pro se
STEPHANIE GILMORE, Plaintiff, pro se

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

On September 25, 2020, I issued an Order and Report-Recommendation after an initial review of the plaintiffs' civil rights complaint pursuant to 28 U.S.C. § 1915. (Dkt. No. 6). In that order, I granted the plaintiffs' motion to proceed in forma pauperis ("IFP"), but recommended dismissal of the complaint without prejudice to plaintiffs' filing an amended complaint. (Dkt. No. 6 at 8-9). Instead of filing objections to the Order and Report-Recommendation, plaintiffs filed an amended complaint. (Dkt. No. 7). As a result, the Honorable Lawrence E. Kahn terminated the Order and Report-Recommendation as moot and sent the case back to me to conduct an initial review of the amended complaint. (Dkt. No. 8).

**I.**   **Initial Review**

The initial review of a case in which plaintiffs are proceeding without payment of fees involves a two-prong analysis. First, the court must determine whether the plaintiffs are financially eligible to proceed IFP, and second, the court must review the

merits of the pleading. 28 U.S.C. § 1915.  In my September 25th Order and Report-Recommendation, I determined that plaintiffs met the financial criteria which allows them to proceed IFP.  Judge Kahn did not disturb this finding in terminating the Recommendation as moot. (Dkt. No. 8).

However, in addition to determining whether plaintiffs meet the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974).  Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint sua sponte even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain

2

sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555).

In addition, Fed. R. Civ. P. 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While Rule 8(a)(2) "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 556 U.S. at 678 (citation and internal quotation marks omitted). A complaint which makes "'naked assertion[s]' devoid of 'further factual enhancement'" does not suffice. *Id*. (citation omitted). This court will now turn to a consideration of the plaintiffs' amended complaint under the above standards.

## II.     Amended Complaint

The plaintiffs' amended complaint is written in the form of a letter, with both plaintiffs' signatures at the bottom.[1] (Amended Complaint ("AC")) (Dkt. No. 7). Plaintiffs were warned in my Order and Report-Recommendation that "any amended pleading must be a **COMPLETE PLEADING, WHICH WILL SUPERCEDE THE ORIGINAL**, and that plaintiffs must include all their facts and causes of action in the

---

[1] This "letter" is not a proper pleading. For their original complaint, plaintiffs used a form-civil rights complaint which contained blanks for all the information required in a civil rights action, including a listing of the proper plaintiffs, defendants, facts, causes of action, prayer for relief, and sworn signatures. (Dkt. No. 1). Piecemeal pleading is not allowed because it makes it impossible to determine how the complaints should be read together. In any event, the court will undertake an analysis of the document that plaintiffs have submitted as their amended complaint.

amended complaint. No facts or claims from the original complaint may be incorporated by reference."[2] (Dkt. No. 6 at 9) (emphasis in original).  Thus, the court will only consider the facts and exhibits submitted with the amended complaint.

In the amended complaint, plaintiffs now name Uncommon School Troy Prep ("USTP") and its Chief Operating Officer, Joanna Martin as defendants. (Dkt. No. 7). Plaintiffs have eliminated USTP Principal Maise Wright as a defendant in the amended complaint.  Thus, she may be dismissed from this action without any further analysis.

In the amended complaint, plaintiffs begin with their "First Cause of Action."  In it, they allege that defendant Martin "fabricated" documents, "stating and publishing via email and mail," that plaintiffs were observed on December 18 and 19, 2019 being verbally abusive to school staff, using inappropriate and profane language in front of students and staff, and "most egregious," threatening to physically harm students. (AC & Ex. A).  Plaintiffs state that these allegations caused them to be banned from school property, and they were not allowed to participate in school activities. (*Id.*)  Plaintiffs allege that on February 3 and 7, 2020, defendant Martin made false allegations against plaintiff Daryl Gilmore. (AC & Ex. B).  Plaintiff Stephanie Gilmore states that she holds a professional license, and that defendant Martin's statements "can have" detrimental effects on her career when the statements "pertain to alleged threats made toward[] minors." (*Id.*)

Plaintiffs' second cause of action states that the "defendants on many occasions

---

[2] Notwithstanding its later termination as moot because of the amended complaint, plaintiffs may have filed the amended complaint based on my findings in the Order and Report-Recommendation.  The plaintiffs were on notice of the requirements for an amended complaint based on this language in my decision.

called or threatened to call law enforcement," causing plaintiffs "increased anxiety" and were in "constant fear of detainment" for advocating for their children. (*Id.*) There is no claim for relief in the amended complaint.

## III. Section 1983

### A. Legal Standards

"'To state a claim under § 1983, a plaintiff must allege that defendants violated plaintiff's federal rights while acting under color of state law.'" *Patrick v. Success Acad. Charter Sch., Inc.*, 354 F. Supp. 3d 185, 206 (E.D.N.Y. 2018) (quoting *McGugan v. Aldana-Bernier*, 752 F.3d 224, 229 (2d Cir. 2014)).

### B. Analysis

As I stated in my previous Order and Report-Recommendation, plaintiffs are suing the USTP and one[3] of its employees as defendants. According to its website, USTP is a public charter school. https://troyprep.uncommonschools.org/ about-us/. There is some debate in the case law regarding whether a charter school and its employees act under color of state law. *See Patrick*, 354 F. Supp. 3d at 209 n.24 (citing inter alia *Meadows v. Lesh*, No. 10-CV-223(M), 2011 WL 4744914, at *1-2 (W.D.N.Y. Oct. 6, 2011) (holding that, although there was case law to the contrary, charter schools act under color of state law for purposes of section 1983 in certain circumstances and denying a motion to dismiss "at this stage of the case"). Thus, for purposes of initial review, and given plaintiffs' pro se status, this court will again assume, without

---

[3] As stated above, the amended complaint has eliminated the principal of USTP as a defendant. Thus, plaintiffs are now only suing one employee of the school, who is alleged to have been personally involved in the plaintiffs' alleged deprivation.

5

deciding, that the state action requirement is met.[4]

## IV. Defamation and Section 1983

### A. Legal Standards

It is well settled that damage to one's reputation alone does not rise to the level of a constitutional violation. *Atkins v. Utica City Sch. Dist.*, No. 6:16-CV-509 (LEK/ATB), 2016 WL 3527957, at *1-2 (N.D.N.Y. June 23, 2016) (citing *Lawson v. Broome County*, No. 14-CV-195, 2016 WL 427898, at *7 (N.D.N.Y. Feb. 3, 2016) (Kahn, J.)). Defamation only implicates a liberty interest, justifying procedural safeguards when it is combined with an "'alteration of legal status,' such as governmental deprivation of a right previously held . . . ." *Id.* (quoting *Paul v. Davis*, 424 U.S. 693, 708-09 (1976)). Such a claim, referred to as a "stigma-plus" claim, requires a two-part showing: "'a plaintiff must prove (1) the utterance of a statement injurious to his reputation that is capable of being proved false and that plaintiff claims is false; and (2) some tangible and material state-imposed burden in addition to the stigmatizing statement.'" *Id.* (quoting *Lawson v. Rochester City Sch. Dist.*, 446 F. App'x 327, 329 (2d Cir. 2011)).

---

[4] In the amended complaint, plaintiffs now claim that the defendants also acted under color of state law when they "used law enforcement as a threat." (AC). Since the court is assuming that the defendants acted under color of state law as outlined herein, the court need not decide plaintiffs' new assertion of state action, but will note that more facts and analysis would be required in order to show state action on this basis if the defendants were not state actors on their own. *See e.g. Hogan v. Rose*, No. 7:16-CV-1325 (LEK/ATB), 2020 WL 6118573, at *7 (N.D.N.Y. Oct. 16, 2020) (citing inter alia *Betts v. Shearman*, 751 F.3d 78, 84-86 (2d Cir. 2014) (noting that "[u]nder 42 U.S.C. § 1983, constitutional torts are only actionable against state actors or private parties acting 'under the color of' state law," and that a private citizen is only so regarded when he acts "in concert with the state actor to commit an unconstitutional act.")). "In cases that arise out of a private party's interaction with law enforcement, 'there needs to be something more than an allegation that the private party supplied information, even false information, to the police.'" *Singh v. City of New York*, No. 19-CV-5030 (PKC/RER), 2020 WL 5752157, at *15 (E.D.N.Y. Sept. 24, 2020) (quoting *Del Col v. Rice*, No. 11-CV-5138 (MKB), 2012 WL 6589839, at *8 (E.D.N.Y. Dec. 18, 2012) (collecting cases), *adhered to on reconsideration*, No. 11-CV-5138 (MKB), 2013 WL 4052867 (E.D.N.Y. Aug. 12, 2013)).

B.   **Application**

In my previous Order and Report-Recommendation, I stated that the complaint was vague regarding which plaintiff was defamed and by which defendant's actions. Now it is clear, based on the amended complaint and the exhibits attached, that only defendant Martin was implicated in the plaintiffs' claims. Plaintiffs have attached the allegedly defamatory emails to the amended complaint. (Pl.'s Exs. A & B).

As I stated in my previous Order and Report-Recommendation, the original complaint was very vague in terms of alleging any "stigma-plus" defamation claim. Plaintiffs essentially claimed that they were defamed by defendant and banned from school property. I noted that in order to survive initial review, plaintiffs would have to allege that "they were subject to a state-imposed burden in addition to the defamation." (Dkt. No. 6 at 7). As the new exhibits show, on December 20, 2019, plaintiffs were banned from entering school buildings based on their behavior, which was observed on December 18th and 19th and which violated the "rules for public conduct on school property."[5] (Pl.s' Ex. A). The ban was expressed in an email from defendant Martin to plaintiff Stephanie Gilmore, with the heading "Dear Mr. & Mrs. Gilmore." There were no recipients of that email other than plaintiff Stephanie Gilmore. (*Id.*)

The second email from defendant Martin was dated February 7, 2020 and stated that "Mr. Gilmore's behavior on school property is not acceptable." (Pl.s' Ex. B). The email further states that "we filed a police report as the result of Mr. Gilmore's behavior today at the Middle School." (*Id.*) The email indicates that the plaintiffs were not

---

[5] The email outlined the general behavior that lead to the defendant's decision, and noted that their children would be escorted outside by a staff member for pick up. (Pl.s' Ex. A).

7

interested in meeting to discuss their questions and concerns, but that the defendants would "keep [their] invitation open." (*Id.*)  The email discussed Mr. Gilmores objectionable behavior on February 3rd and 7th, and stated that if Mr. Gilmore tried to enter school ***buildings***, the police would be called immediately. (*Id.*)  The email outlined procedures on how the Gilmores would contact the school, which included plaintiff Stephanie Gilmore being the "primary contact."  The second email clearly reference only Mr. Gilmore as the plaintiff who was barred from school buildings, and requested that Mrs. Gilmore be the primary contact.  Reference to calling the police was only made with respect to Mr. Gilmore's alleged activities.

Defamation as alleged by plaintiffs is only actionable in a section 1983 action if there is a tangible and material state-imposed burden placed on the plaintiff in addition to the defamation. *Lawson*, 446 F. App'x at 329.  Plaintiffs cite only their inability or with respect to the second email, only Mr. Gilmore's inability to enter school buildings.  As I stated in my September 2020 Order and Report-Recommendation, there are certain circumstances where such a restriction would rise to the level of the additional burden necessary to convert a simple defamation claim into a civil rights action.

The cases finding a "stigma-plus" include cases in which the defamation was accompanied by a restriction that resulted from retaliation for the exercise of a constitutional right. *See Frierson v. Reinisch*, 806 F. App'x 54, 57-58 (2d Cir. 2020) (holding in the context of qualified immunity that it was well-settled that a school may not ban a parent from access to school grounds in retaliation for the exercise of the parent's first amendment rights).  However, in general, "[i]t is well-established that school authorities have the right to limit access to school property, and the courts afford

8

great deference to their decisions to do so." *Condit v. Bedford Cent. Sch. Dist.*, No. 16-CV-6566 (CS), 2017 WL 4685546, at *8 (S.D.N.Y. Oct. 16, 2017) (quoting *Burke v. Cicero Police Dep't*, No. 07-CV-624, 2010 WL 1235411, at *3 (N.D.N.Y. Mar. 31, 2010) (finding order forbidding legal guardian from entering school grounds failed to implicate constitutional deprivation) and citing *Silano v. Sag Harbor Union Free Sch. Dist. Bd. of Educ.*, 42 F.3d 719, 724 (2d Cir. 1994) ("[O]rder forbidding [Board of Education member] from entering the school grounds . . . fails to implicate a protected liberty or property interest."); *Eskenazi-McGibney v. Connetquot Cent. Sch. Dist.*, 84 F. Supp. 3d 221, 230 (E.D.N.Y. 2015) ("[P]arents do not enjoy a protected liberty or property interest in unfettered access to their child's school grounds.") (collecting cases); *Johnson v. Perry*, 859 F.3d 156, 175 (2d Cir. 2017).

The plaintiffs amended complaint does not add any information that would change this court's finding that plaintiffs have not stated a stigma-plus claim. There is no allegation that the plaintiffs' restriction on entering the school buildings was based on anything other than behavior that the defendants viewed as a violation of school codes, and the restriction on entering school grounds does not implicate a constitutional right. Thus, plaintiffs have alleged only defamation, but have not stated that the defamation was related to the deprivation of a state-created liberty or property interest. Any damage to Plaintiff's reputation alone, even by a government entity, does not implicate an interest protected by the Due Process Clause. *See Paul v. Davis*, 424 U.S. at 699-707. Thus, the amended complaint fails to state a constitutional claim.

In the amended complaint, plaintiffs' allege that defendants "on many occasions" called or "threatened to call" the police. However, the emails attached to the amended

9

complaint do not support plaintiffs' allegation. The first email does not reference calling the police, and the second email simply states that a police report was "filed" as the result of Mr. Gilmore's conduct on February 7, 2020. (Pl.s' Ex. B). The email warns that if Mr. Gilmore attempts to enter the school buildings, the police "will" be called. (*Id.*) It is unclear how this would result in "constant fear of detainment." In any event, it has been held that a police report is not a public statement for purposes of a stigma-plus claim. *Hughes v. City of New York*, 197 F. Supp. 3d 467, 476-77 (E.D.N.Y. 2016), *aff'd in part, rev'd in part on other grounds*, 680 F. App'x 8 (2d Cir. 2017). In *Hughes*, the district court stated that "[a]s a general matter, citizen reports or complaints to police officers are not open to public view; the police do not themselves publicize the reports, nor could a citizen simply walk into a precinct and thumb through the complaints." 197 F. Supp. 3d at 477. Thus, without more, the defendants' "police report" does not elevate the plaintiffs' defamation action to a constitutional claim.

The court notes that even if the court were considering defamation under New York law, plaintiffs have not alleged that the defendants' statements about them were made to a third party or publicly. To state a claim for defamation under New York law, a plaintiff must allege that: (1) the defendant published a defamatory statement of fact to a third party, (2) that the statement was false, (3) the false statement was made with the applicable level of fault, and (4) either the false statement was defamatory per se or caused the plaintiff special harm. *Medcalf v. Walsh*, 938 F. Supp. 2d 478, 485 (S.D.N.Y. 2013) (citing *Chandok v. Klessig*, 632 F.3d 803, 814 (2d Cir. 2011); *Peters v. Baldwin Union Free Sch. Dist.*, 320 F.3d 164, 169 (2d Cir. 2003); *Thompson v. Bosswick*, 855 F. Supp. 2d 67, 76 (S.D.N.Y. 2012)). An allegedly defamatory writing is not "published"

10

for purposes of a defamation action if the only one who read it was the defamed. *Id.* (quoting *Ostrowe v. Lee*, 256 N.Y. 36, 38, 175 N.E. 505 (N.Y.1931)). In this case, the emails attached to plaintiffs' amended complaint are written to plaintiff Stephanie Gilmore alone. There is no indication that the statements regarding either her or Mr. Gilmore's alleged behavior were made to anyone but the plaintiffs themselves.

Finally, with respect to harm, plaintiff Stephanie Gilmore states that the defendants' statements "may" cause harm to her reputation because she is a licensed professional. However, since it is unclear that any other person saw the writing, plaintiff has not alleged that she has suffered any harm from the alleged defamation. Thus, plaintiffs' amended complaint fails to state a claim.

## V.     **Opportunity to Amend**

### A.     **Legal Standards**

Generally, before the court dismisses a pro se complaint or any part of the complaint sua sponte, the court should afford the plaintiff the opportunity to amend at least once, however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Futility is present when the problem with plaintiff's causes of action is substantive such that better pleading will not cure it. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

### B.     **Application**

Plaintiffs' amended complaint does not state a constitutional claim under section 1983. Although this court has already recommended dismissal without prejudice of plaintiff's original complaint, the recommendation was not considered because plaintiffs

11

filed their amended complaint prior to the District Judge's review of the recommendation. (Dkt. No. 8) (terminating the report-recommendation as moot). Thus, the court will again recommended dismissal of the amended complaint without prejudice to plaintiffs filing any amended complaint that they believe will cure the deficiencies cited herein. However, plaintiffs must wait for Judge Kahn's determination prior to filing another amended complaint.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that defendant **MAISE WRIGHT**, be terminated from this action based on plaintiffs' failure to include her or any facts relating to her in their amended complaint, and it is

**RECOMMENDED**, that the amended complaint be **DISMISSED WITHOUT PREJUDICE TO ALLOWING PLAINTIFFS FORTY-FIVE (45) DAYS TO AMEND THEIR COMPLAINT**, and it is

**RECOMMENDED**, that if the court adopts this Recommendation, the plaintiffs also be informed that any amended pleading must be a **COMPLETE PLEADING, WHICH WILL SUPERCEDE THE ORIGINAL**, and that plaintiffs must include all their facts and causes of action in the amended complaint. No facts or claims from the original complaint may be incorporated by reference, and it is

**RECOMMENDED**, that if the court approves this recommendation, and plaintiffs file a proposed second amended complaint, the proposed second amended complaint be returned to me for further proceedings, and it is

**ORDERED**, that if plaintiffs file a second amended complaint prior to the district

court's review, the Clerk is respectfully directed to file second amended complaint[6] as objections to this report-recommendation to review in conjunction with this decision, and it is

**RECOMMENDED**, that if plaintiffs fail to amend their amended complaint within the time allowed and without requesting an extension of time to do so, the case be **DISMISSED** without further order of the court.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: October 30, 2020

*Andrew T. Baxter*
Andrew T. Baxter
U.S. Magistrate Judge

---

[6] Plaintiffs are only allowed to amend their complaint *once* as a matter of course, and must ask for court permission to file any other amended pleadings. Fed. R. Civ. P. 15(a)(1) & (a)(2).

13