UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

DARRYL A. GILMORE, SR., *et al.*,

       Plaintiffs,

 -against-         1:20-CV-0979 (LEK/ATB)

UNCOMMON SCHOOL TROY PREP, *et al.*,

       Defendants.

**DECISION AND ORDER**

**I. INTRODUCTION**

  Plaintiffs Darryl A. Gilmore, Sr. and Stephanie Gilmore brought this action against Uncommon School Troy Prep, its Associate Chief Operating Officer Johanna Martin, and its Principal Maise Wright. Dkt. No. 1 ("Complaint"). Plaintiffs' motion to proceed in forma pauperis, Dkt. No. 5, was granted by the Hon. Andrew T. Baxter, United States Magistrate Judge, <u>see</u> Dkt. No. 6 (the "First Report-Recommendation"). After Plaintiffs filed an amended complaint, Dkt. No. 7 ("Amended Complaint"), this Court mooted the First Report-Recommendation except to the extent it granted Plaintiffs in forma pauperis status, <u>see</u> Dkt. No. 8. Now before the Court is another report-recommendation issued by Judge Baxter. <u>See</u> Dkt. No. 9 (the "Second Report-Recommendation").

**II. BACKGROUND**

  **A. Procedural History**

  Plaintiffs filed their Complaint on August 24, 2020. <u>See generally</u> Compl. The Complaint was written on a form for asserting civil rights violations under 42 U.S.C. § 1983.

See id. at 1. In the Complaint, Plaintiffs alleged that Martin published slanderous statements, "causing plaintiff to be banned from school grounds." Id. at 2. They alleged that Wright defamed them as well, "causing law enforcement to be summon[ed]." Id. As a result of the allegedly defamatory statements, Plaintiffs stated in the Complaint that they were unable to attend school functions and were "in constant fear of being detained by law enforcement." Id. at 3.

On September 25, 2020, the Honorable Andrew T. Baxter, United States Magistrate Judge, recommended dismissal of the Complaint without prejudice, allowing Plaintiffs to amend within forty-five days. First Report-Recommendation at 9. Plaintiffs filed the Amended Complaint on October 6, 2020, before this Court reviewed the First Report-Recommendation. See generally Amended Complaint. This Court terminated the First Report-Recommendation as moot, except for the portion which granted Plaintiffs' application to proceed in forma pauperis, and referred the Amended Complaint to Judge Baxter for review. Dkt. No. 8.

On October 30, 2020, Judge Baxter terminated Wright from this action due to the absence of any allegations involving her in the Amended Complaint. Second Report-Recommendation at 4. Judge Baxter again recommended that the Amended Complaint be dismissed without prejudice to allowing Plaintiffs to amend within forty-five days. Id. at 12.

### B. Factual Allegations

In the Amended Complaint, Plaintiffs allege that Martin defamed them in a December 20, 2019 email to Stephanie Gilmore. See Am. Compl. at 1, 3. In the email, which was sent to Stephanie Gilmore's email address and addressed to both Gilmores, Martin states that Plaintiffs "are no longer permitted on Troy Prep premises" because they: (1) were verbally abusive to

staff at the elementary school and high school on December 18 and 19, 2020; (2) used inappropriate language in front of students and staff on both those dates; and (3) threatened to physically harm students at the high school on December 19, 2020. Am. Compl. at 3.

Plaintiffs also allege that Martin defamed them in a February 7, 2020 email to Plaintiff Stephanie Gilmore. See Am. Compl. at 1, 5. In that email, which Plaintiffs attached, Martin wrote that "Mr. Gilmore entered High School and used profanity with staff and in front of students" on February 3, 2020. Id. at 5. Martin also wrote that "[o]n February 7th Mr. Gilmore entered the Middle School and used profanity and threats of violence with staff." Id. As a result, Martin wrote, a police report was filed. Id.

### III.  STANDARD OF REVIEW

#### A. Review Under § 1915

Where, as here, a plaintiff proceeds IFP, "the court shall dismiss the case at any time" if the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, even if a plaintiff is eligible to proceed IFP, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint. See id.

When a plaintiff proceeds pro se, "the court must construe his submissions liberally and interpret them to raise the strongest arguments that they suggest." Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks omitted).

#### B. Review of a Report-Recommendation

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the

proposed findings and recommendations." Fed. R. Civ. P. 72(b); see also L.R. 72.1(c). A court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. See Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); see also Demuth v. Cutting, No. 18-CV-789, 2020 WL 950229, at *2 (N.D.N.Y. Feb. 27, 2020) (Kahn, J.). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b).

### IV.   DISCUSSION

Plaintiffs did not object to the Second Report-Recommendation. See Docket. Accordingly, the Court reviews the Second Report-Recommendation only for clear error and finds none. See Barnes, 2013 WL 1121353, at *1. Therefore, the Court adopts the Second Report-Recommendation in its entirety.

### V.   CONCLUSION

Accordingly, it is hereby:

**ORDERED,** that the Second Report-Recommendation (Dkt. No. 9) is **APPROVED and ADOPTED** in its entirety; and it is further

**ORDERED,** that Plaintiffs' Amended Complaint is **DISMISSED without prejudice** and with leave to amend within forty-five (45) days of this Decision and Order. Any amended pleading must be a complete pleading, which will supersede the Amended Complaint. Plaintiffs

must include all their facts and causes of action in the second amended complaint. No facts or claims from the Complaint or Amended Complaint will be incorporated by reference; and it is further

**ORDERED,** that, if Plaintiffs fail to file a second amended complaint within the time allowed and without requesting an extension, this case will be **DISMISSED** without further order of the Court; and it is further

**ORDERED,** that the Clerk is directed to serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   November 23, 2020
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge